IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SULYAMAN WASALAAM, )
 )
 Plaintiff, )
 )
 v. ) 1:15CV556
 )
SHERIFF RALPH KERSEY, et al., )
 )
 Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review. Plaintiff submitted an *in forma pauperis* form, but did not provide the balance of his trust account or the amount deposited in that account during the past six months. He also failed to sign the form. Plaintiff states in a cover letter that he faced difficulties in obtaining his account information. However, he must at least provide a good faith estimate of the amounts deposited in the past six months and sign the form before the Court can make an *in forma pauperis* determination.

2. Plaintiff does not name proper defendants or give sufficient addresses for them to be served. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights. Plaintiff provides no addresses for three of the four Defendants listed in the Complaint. Further, the factual portions of the Complaint contain little or nothing linking the listed Defendants to the allegations set out in the Complaint. Plaintiff must explain how each named Defendant violated his rights.

3. Plaintiff's claims themselves suffer from multiple defects. Overall, they consist of fragments of sentences and thoughts and, in some cases, simply lists of words and phrases. This renders them confusing and barely understandable. Plaintiff must express his claims clearly so that the Court and any potential Defendants can understand them. To the extent the present claims are understandable, the allegations appear to involve several distinct and unrelated claims. Some pertain to Plaintiff's arrest and charges, some to his bond, and others to various prison or jail conditions. He may need to present these claims in separate actions. Some of the claims also appear to involve other prisoners. Plaintiff can only bring claims based on actual violations of his federal constitutional or statutory rights.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 23rd day of July, 2015.

                                                          /s/ L. Patrick Auld
                                                            **L. Patrick Auld**
                                         **United States Magistrate Judge**